IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| KRISTINE LOUISE KENSINGER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CT CORPORATION SYSTEM )<br>SPRING HILLS APARTMENTS LLC )<br>Defendant. ) | Case No. 6:23-cv-03325-MDH |

## ORDER

Before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction under Federal Rule of Civil Procedure 12(b)(1). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (internal citations omitted). Federal Rule of Civil Procedure 8(a)(1) requires that pleadings include "a short and plain statement of the grounds for the court's jurisdiction."

Plaintiff's pro se complaint generally alleges that she suffered physical and financial damages as a result of a black mold infestation in her residence in an apartment complex in Republic, Missouri. Though unclear from Plaintiff's complaint, it appears Plaintiff may have received subsidies from the Department of Housing and Urban Development's Choice Voucher Program. Defendant argues that Plaintiff's allegations fail to establish subject matter jurisdiction. This Court agrees.

Plaintiff's pro se complaint claims her allegations arise under federal law, but Plaintiff cites no federal law. Instead, Plaintiff's Exhibit One references RSMO § 441.234, a subsection of

Missouri statute that establishes when tenants must deduct the cost of repair from rent payments. Plaintiff's complaint appears to establish both Plaintiff and Defendant are Missouri residents, as Plaintiff repeatedly lists a Clayton, Missouri address for Defendant, who Plaintiff appears to believe is the owner of her apartment complex in Republic, Missouri. This in turn indicates lack of jurisdiction under 28 U.S.C. § 1332. Further, Plaintiff cites no authority, nor is this Court aware of any, that would grant this Court jurisdiction over this suit due to Plaintiff's possible participation in any HUD voucher program.

Accordingly, Plaintiff's pro se complaint is **DISMISSED** without prejudice at this time. This Court is sympathetic to Plaintiff's situation, but the allegations in Plaintiff's pro se complaint do not grant this Court necessary subject matter jurisdiction. Further, Plaintiff's pending Motion for Extension of Time for the Rule 26 Conference and pending Motion RE Possible Fraudulent Activity are hereby **MOOT**.

**IT IS SO ORDERED.**

Dated: February 6, 2024  */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**United States District Judge**